Laila S. Gonzalez, Robert Sanchez and Associates, Hialeah, FL, for Plaintiff/Debtor.

James J. Feltman, Trustee, Miami, FL.

Gregory S. Grossman, Steel Hector & Davis, Miami, FL, for Sophia Bagdadi de Leon, Monica Leon, and Roberto Leon.

Craig V. Rasile, Farrington Yates, Holland & Knight, Miami, FL, for Banco Latino International.

Peter H. Levitt, Virginia Herrero, Gunster, Yoakley, Valdes–Fauli & Stewart, P.A., Miami, FL, for Banco Latino, C.A.

Jeffrey H. Beck, Trustee, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, FL.

### ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came on for hearing on September 12, 1995 on the Motions for Summary Judgment on Trustee's Seventh Objection to Claims (the "Motions") filed by Sophia Bagdadi de Leon ("Sophia"), Monica Leon Bagdadi ("Monica"), and Roberto Leon Bagdadi ("Roberto") (collectively the "Leons"). The Court has considered the Motions, the Memorandum in Opposition filed by Banco Latino International ("BLI"), the Affidavit of Marielena Figarola, and the record in this matter. Thus, the Court determines that:

1. On December 9, 1994, the Trustee filed his Seventh Objection to Claims ("Objections") objecting to the claims of the Leons. BLI and Banco Latino, C.A. ("BLCA") joined in the Objections. (Hereinafter the Trustee, BLI, and BLCA shall be collectively referred to as the "Objectors").

2. First, the Objectors assert that the Leons are "insiders" and "cannot be entitled to a distribution on their claims until the Federal Reserve Board either dissolves" certain Cease and Desist orders it issued with respect to "insiders of Banco Latino International or specifically approves a distribution to a particular insider." The Cease and Desist orders were not attached to the Objections and according to counsel for BLI their terms are confidential and cannot be disclosed to the Leons, absent, *inter alia*, an action against the Federal Reserve Bank.

3. Second, the Objectors objected to the amount of each of the Leons' claims. Sophia conceded that the amount of her claim as of petition date should be $239,880.80 and Monica conceded that the amount of her claim as of the petition date should be $12,828.30.

Roberto continues to dispute the amount of his claim.

4. Lastly, the Objectors objected to Sophia's claim (but not Monica or Roberto's) on the grounds that she allegedly received a preferential transfer from BLI.

5. The Motions were filed on January 13, 1995.

6. To date, none of the Objectors has filed a preference or equitable subordination action against the Leons.

7. The Objectors' argument that the Leons' claims should be disallowed based upon the terms of orders issued by a regulatory agency that are secret, confidential, and not available for examination offends the Court's olfactory nerve. The Court determines on this record that the "secret" Cease and Desist Orders referenced in the Objections are insufficient to disallow the Leons' claims under the Bankruptcy Code.

8. The Court also determines as a matter of law that the mere fact that the Leons may be "insiders" is not a basis to disallow the Leons' claims under the Bankruptcy Code.

9. Thus, there are no genuine issues of material fact and these contested matters can be decided as a matter of law. Accordingly, it is

**ORDERED** and **ADJUDGED** that:

10. The Motions be and the same are hereby granted such that Sophia Bagdadi de Leon shall have an allowed general unsecured claim as of the petition date in the amount of $239,888.80 and Monica Leon Bagdadi shall have an allowed general unsecured claim as of the petition date in the amount of $12,828.30 (both amounts are subject to further verification by BLI). Since as to Roberto's claim the sole remaining issue is the amount of such claim as of the petition date, that issue shall be scheduled for hearing.

11. The Objectors (to the extent they are permitted under the terms of the confirmed plan or applicable bankruptcy law) are granted leave to file on or before November 13, 1995, (a) an adversary proceeding against Sophia, Monica, and/or Roberto under Sec-

tion 510(c) of the Bankruptcy Code; (b) an adversary proceeding against Sophia under Section 547 of the Bankruptcy Code; and/or (c) a motion to prevent the distribution to Sophia, Monica, and/or Roberto based upon the terms of the Cease and Desist Order ("Permitted Actions").

12. In the event a Permitted Action is not timely filed as to Sophia, Monica, and/or Roberto (as the case may be), the Objector(s) shall be forever barred from bringing such Permitted Action. If no Permitted Action is timely filed as to a particular claimant, BLI shall make distribution to such claimant on account of their allowed general unsecured claim in the amount set forth in paragraph 11 (or in the case of Roberto's claim in the amount determined by further order of the court) pursuant to the terms of the confirmed Amended and Restated Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors ("Committee"), as modified by the BLCA Agreement, as further modified and amended by agreement of BLCA, the Committee, the Trustee, and BLI as approved by this Court (the "Plan").

13. In the event a Permitted Action is timely filed as to a particular claimant, BLI shall reserve the amount of such claim pursuant to the plan until further order of the Court.

**DONE** and **ORDERED.**